IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| LUCAS PERKINS,<br>                    Plaintiff,<br>    vs.<br><br>DAVE SINGH, an individual, and DANWEI LLC, an Oregon limited liability company,<br>                    Defendants. | Case No.<br><br>COMPLAINT<br><br>Tort Other<br><br>Damages estimated at $500,000.00<br><br>Declaratory relief sought<br><br>Jury Trial Requested<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Filing fee of $560 per ORS 21.160(1)(c) |

Plaintiff Lucas Perkins complains as follows against individual Dave Singh and

Danwei LLC, an Oregon limited liability company (collectively, "DANWEI").

**PRELIMINARY STATEMENT**

1.

This is an action under state and federal wage-and-hour and other statutes and

tort, equity, common-law, and common-count claims for certain present and former

employees to recover unpaid wages, statutory damages, civil penalties, economic and

Page 1 — COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 1 of 15

1  noneconomic compensatory damages, attorney fees, costs, and disbursements (and

2  pre- and post-judgment interest thereon), as well as restitution, declaratory, and

3  other equitable relief, an accounting, and (on motion) punitive damages. All

4  allegations herein are made to the best of Mr. Perkins's and his counsel's good-faith

5  knowledge, information, and belief, based upon the evidence adduced to date, and

6  Mr. Perkins reserves the right to amend the Complaint upon the discovery of

7  additional facts. Mr. Perkins further seeks an equitable accounting of the restaurant's

8  tip records, to determine whether and to what extent he and the other tipped

9  employees were paid properly, and a declaration of defendants' violations as

10  enumerated herein.

11                                              **PARTIES**

12                                                  2.

13         At all material times, Mr. Perkins was a resident and citizen of the State of

14  Oregon. Mr. Perkins was an employee of DANWEI. At all material times, plaintiff and

15  the class members were employees of DANWEI in Oregon.

16                                                  3.

17         Defendant Danwei LLC was and/or is an Oregon limited liability company.

18  Defendant Dave Singh is a resident of Multnomah County, Oregon, and the Registered

19  Agent, Organizer, manager, and sole known member of Danwei LLC. Mr. Singh acted

20  at all times directly and indirectly in the interest of that entity with regard to the facts

21  alleged herein and at all material times acted and acts as accountant, bookkeeper, and

22  payroll supervisor of Danwei LLC. As a matter of economic reality, all defendants

23  functioned as a single joint employer of all of the class members. Mr. Singh had the

Page 2 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 2 of 15

1  power to hire and fire, supervise, set schedules, adjust wages, make discretionary

2  disbursements of tips and gratuities, keep and maintain employee records, oversee the

3  day-to-day operations of the restaurant, and otherwise control all terms and

4  conditions of the class members' employment.

### FACTS CONSTITUTING CLAIMS FOR RELIEF

### Wrongful Deductions

7                                          4.

8       Under Oregon law, employers are only authorized to deduct amounts from

9  employees' wages that are required by law. Yet on numerous occasions, DANWEI

10  deducted all or part of the employer's share of Social Security and Medicare taxes

11  from their employees' wages, including by rounding up instead of down in violation

12  of applicable tax regulations. Those deductions were illegal.

### Wrongful Theft of Tips and Gratuities

14                                         5.

15       DANWEI required plaintiff and the other class members to contribute all of the

16  tips and gratuities to a tip pool. DANWEI kept all of the tip pool documents secret, so

17  that no one knew whether or when those moneys ever got paid, or to whom. The

18  employees simply had to trust DANWEI to distribute the tip pool money correctly

19  and not take advantage of them. DANWEI were thus in the position of bailor,

20  fiduciary, and trustee with regard to those tip pool funds. The tip pool funds

21  constituted a specific, earmarked fund capable of identification, held in trust for the

22  beneficiary employees. As such, DANWEI required Mr. Perkins and the class

23  members to participate in an illegal tip pool, in which tips were taken from those to

Page 3 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 3 of 15

1  whom they were given and allegedly given to employees who worked in non-
2  customarily tipped occupations and/or managers, supervisors, and one or more
3  employers. On information and belief, DANWEI may have kept some of those tips
4  that it was purportedly giving to back-of-the-house staff. And even within this illegal
5  mandatory tip pool, DANWEI changed the distribution without informing the
6  employees, to give more and more of the tip pool to the back of the house rather than
7  paying them market wages.

**Other Facts**

8

9  6.

10  DANWEI failed to provide a pay stub to Mr. Perkins on at least one payday.

11  7.

12  DANWEI promised Mr. Perkins a pay raise from $12.25 to $13.50 beginning on
13  July 1, 2018 as an inducement to keep him working there. Mr. Perkins continued
14  working for DANWEI in reliance upon that pay raise and otherwise fulfilled all
15  requirements of his employment contract, but DANWEI never paid him the increased
16  amount for work performed after July 1, 2018.

17  8.

18  Mr. Perkins's attorney gave more than 30 days' written prelitigation notice of
19  nonpayment and notice of this wage claim to DANWEI, as well as an identification of
20  the applicable causes of action and demand that DANWEI correct or rectify the
21  alleged wrongs.

22  ///

23  ///

Page 4 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 4 of 15

**CLASS ALLEGATIONS**

9.

DANWEI engaged in acts and practices that violated the class members' rights under Oregon law. This action is brought on behalf of all employees of DANWEI from six years preceding the filing of this Complaint through the date of trial.

**NUMEROSITY**

10.

The class is so numerous that joinder of all members is impracticable, consisting of an estimated 25-30 persons (given known staffing levels and observed and estimated turnover).

**COMMONALITY**

11.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

    a. What deductions defendants made from employees' pay, whether those deductions were required by law, what damages result, and whether and to what extent each defendant is responsible for its and other defendants' violations under a joint employment or other theory;

    b. What defendants' tip policy was, whether that policy comports with applicable state and federal law, whether and to what extent the class members are entitled to the tips and gratuities that are left for them by the customers, what the terms of any tip pool agreement were, whether the employer breached that agreement, whether the employer's

Page 5 — COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 5 of 15

1   acquisition of those tips and gratuities constitutes a bailment or trust or

2   fiduciary relationship, whether the employer taking those tips and

3   gratuities exercises unlawful dominion and control over those tips and

4   gratuities so as to justly be required to repay the full value of the

5   property, whether those tips and gratuities were obtained by the

6   employer under duress, whether the theft constitutes unjust

7   enrichment, whether *ex aequo et bono* the employer should have to pay

8   the stolen tip amounts to the class members, and whether (on motion)

9   punitive damages are appropriate; and

10   c.   Whether the violations were willful and what remedies are available for

11   the violations.

**TYPICALITY**

12.

14   Plaintiff's claims are typical of those of the other class members because:

15   a.   Plaintiff is a member of the class.

16   b.   Plaintiff's claims stem from the same practice or course of conduct that

17   forms the basis for the class's claims.

18   c.   All of the class members' claims are based on the same facts and legal

19   theories.

20   d.   There is no antagonism between the interests of plaintiff and the class

21   members, because their claims are for damages provided to each class

22   member separately by statute or the common law.

23   e.   The injuries that plaintiff suffered are similar to the injuries that the

Page 6 — COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 6 of 15

1  class members suffered, and they are relatively small compared to the

2  expense and burden of individual prosecutions of this litigation.

3  f.  The prosecution of separate actions by the class members could either

4  result in inconsistent adjudications establishing incompatible pay

5  practices or, as a practical matter, dispose of the legal claims of class

6  members who are not parties to such separate adjudications.

7  **ADEQUACY OF REPRESENTATION BY PLAINTIFF**

8  13.

9  Plaintiff will fairly and adequately protect the interests of each class because:

10  a.  There is no conflict between plaintiff's claims and those of the other

11  class members.

12  b.  Plaintiff has retained counsel experienced in handling class actions

13  involving wage and hour law, who will vigorously prosecute this

14  litigation.

15  c.  Plaintiff's claims are typical of the claims of the class members in that

16  their claims stem from the same practice and course of conduct that

17  forms the basis of the class claims.

18  **COMPLIANCE WITH ORCP 32H**

19  14.

20  Thirty days or more prior to the commencement of this action, plaintiff notified

21  defendants of the particular alleged causes of action and demanded that they correct

22  or rectify the alleged wrongs.

23  ///

Page 7 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 7 of 15

## SUPERIORITY OF CLASS TREATMENT

### 15.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COLLECTIVE ALLEGATIONS

### 16.

DANWEI engaged in acts and practices that violated the collective members' rights under the federal Fair Labor Standards Act. In addition to bringing this action individually on behalf of himself, therefore, plaintiff also brings this action on behalf of all current and former employees who are similarly situated.

## FIRST CAUSE OF ACTION

### Unpaid Wages

### 17.

All previous paragraphs are incorporated by reference herein.

### 18.

Pursuant to ORS 652.120, DANWEI was required to pay Mr. Perkins and the class members all wages due, when those wages were due, but willfully failed to do so.

### 19.

Mr. Perkins and the class members are entitled to collect the wages due in an amount to be proven at trial, together with attorney fees and costs per ORS 652.200, as well as pre- and post-judgment interest.

///

///

Page 8 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 8 of 15

**SECOND CAUSE OF ACTION**

Wrongful Deductions

20.

All previous paragraphs are incorporated by reference herein.

21.

Pursuant to ORS 652.610, DANWEI was prohibited from deducting certain amounts from plaintiff's and the class members' paychecks but willfully did so.

22.

Plaintiff and the class members are entitled to (for each violation) the greater of $200 statutory damages or actual damages in an amount to be proven at trial, pursuant to ORS 652.615, together with attorney fees, costs, and pre- and post-judgment interest.

**THIRD CAUSE OF ACTION**

Unpaid Wages Upon Termination

23.

All previous paragraphs are incorporated by reference herein.

24.

Pursuant to ORS 652.140, DANWEI was required to pay Mr. Perkins and the class members all earned and unpaid wages by the statutory deadline upon termination of employment but willfully failed to do so.

25.

Mr. Perkins and the class members are entitled to collect all wages remaining due, in an amount to be proven at trial, together with attorney fees and costs per ORS

Page 9 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 9 of 15

1 | 652.200, as well as pre- and post-judgment interest, and the 30 days of statutory

2 | penalty wages provided by ORS 652.150.

3 | **FOURTH CLAIM FOR RELIEF**

4 | Conversion

5 | 26.

6 | All previous paragraphs are incorporated by reference herein.

7 | 27.

8 | By misappropriating the tip pool funds entrusted to them, defendants exercised

9 | unlawful dominion and control over the property, which completely interfered with

10 | the employees' right to control it, so that defendants may justly be required to repay

11 | the full value of the property. This breach of bailment contract and of trust and of

12 | fiduciary responsibilities qualifies as, and is enforceable as, conversion.

13 | 28.

14 | Plaintiff and the class members are entitled to recover the value of the property

15 | tortiously converted, in addition to pre- and post-judgment interest and (on motion)

16 | punitive damages.

17 | **FIFTH CLAIM FOR RELIEF**

18 | Breach of Contract

19 | 29.

20 | All previous paragraphs are incorporated by reference herein.

21 | 30.

22 | Defendants told plaintiff and the class members upon their hire that they would

23 | be paid "minimum wage plus gratuities." Further, defendants' employment contract

Page 10 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 10 of 15

1  with plaintiff and the class members included a share of the tip pool as determined by

2  a pre-existing formula. Defendants breached that material term of the contract, by

3  changing those distribution shares without informing or seeking permission for the

4  change, which proximately caused monetary damage to plaintiff and the class

5  members.

6                                  31.

7      Plaintiff and the class members are therefore entitled to the difference between

8  the tip pool share they received and that which they were promised.

9                        **SIXTH CLAIM FOR RELIEF**

10              Tortious Breach of Duty of Good Faith and Fair Dealing

11                                  32.

12      All previous paragraphs are incorporated by reference herein.

13                                  33.

14      Because defendants collected all tips and gratuities from employees for the

15  purpose of redistributing them, they had a special bailor/fiduciary/trustee

16  relationship with the intended recipients, involving a heightened duty of care beyond

17  and independent from that of a simple employment contract. Thus, defendants'

18  intentional action to deprive plaintiff and the class members of their expected

19  contractual benefits was a tortious breach of the duty of good faith and fair dealing,

20  and of defendants' fiduciary obligations, which proximately caused plaintiff and the

21  class members economic and noneconomic damage.

22                                  34.

23      Plaintiff and the class members are therefore entitled to economic and

Page 11 — COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 11 of 15

noneconomic damages, as well as pre-judgment interest and (upon motion) punitive damages.

### SEVENTH CLAIM FOR RELIEF

### Unjust Enrichment

35.

All previous paragraphs are incorporated by reference herein.

36.

Defendants have failed to pay to plaintiff and the class members tip pool money to which they are rightfully entitled, and defendants have been directly and indirectly unjustly enriched and benefited thereby, and equity and good conscience demand that plaintiff and the class members' money be returned.

37.

Plaintiff and the class members are entitled to recover in restitution the money unlawfully taken from them, in an amount to be proven at trial, in addition to pre- and post-judgment interest.

### EIGHTH CLAIM FOR RELIEF

### Money Had and Received

38.

All previous paragraphs are incorporated by reference herein.

39.

Defendants have failed to pay to plaintiff and the class members tip pool money to which *ex aequo et bono* they are rightfully entitled, and equity and good conscience demand that plaintiff and the class members' money be returned to them by

Page 12 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 12 of 15

1  defendants.

2                                    40.

3      Plaintiff and the class members are entitled to the money unlawfully withheld

4  from them, in an amount to be proven at trial, in addition to pre- and post-judgment

5  interest and (on motion) punitive damages.

6                        **NINTH CAUSE OF ACTION**

7                            (FLSA Tip Theft)

8                                    41.

9      All previous paragraphs are incorporated by reference herein.

10                                   42.

11     Pursuant to 29 USC § 203(m)(2)(B), DANWEI was required to pay Mr. Perkins

12  and the collective members all of their tips, or if a tip pool was mandatory, that no

13  managers, supervisors, or other statutory employers take part in such tip pool. It did

14  not do so.

15                                   43.

16     Mr. Perkins and the collective members are entitled to collect the difference

17  between the tips received and the tips due in an amount to be proven at trial, in

18  addition to liquidated damages in the same amount, together with attorney fees and

19  costs of the action pursuant to 29 USC § 216(b).

20                        **TENTH CLAIM FOR RELIEF**

21                               Accounting

22                                   44.

23     All previous paragraphs are incorporated by reference herein.

Page 13 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 13 of 15

45.

By collecting all tips and gratuities of all employees for the purpose of redistributing them according to the agreed-upon formula, defendants became the bailor, fiduciary, and trustee of those funds, holding them in trust for the proper recipients. As such, defendants owe plaintiff and the class members a duty to render an account showing in detail the items taken in and expended, when, to whom, and for what purpose, and that the account rendered and expenditures claimed were correct, just, and necessary.

46.

Plaintiff and the class members are therefore entitled to a full accounting of the tips and gratuities received and/or paid out by defendants, and to an equitable award of any amounts to which such accounting demonstrates that they are entitled.

## ELEVENTH CAUSE OF ACTION

### Declaratory Judgment

47.

All previous paragraphs are incorporated by reference herein.

48.

Mr. Perkins and the class members are entitled to a declaratory judgment declaring DANWEI's violations as outlined above.

## JURY TRIAL DEMAND

49.

Mr. Perkins and the class and collective members demand a jury trial on all claims and issues to the extent allowed under the law.

Page 14 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 14 of 15

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court award him and the class and collective members such actual, statutory, punitive (on motion), and other damages as set forth above in amounts to be proven at trial; award attorney fees, costs, disbursements, costs of the action, and expenses of suit; award pre- and post-judgment interest as provided by law; declare defendants' violations as enumerated above; and order such further or alternative relief as the Court deems appropriate.

DATED this April 2, 2019

JON M. EGAN, P.C.

*s/ Jon M. Egan*

_____
Jon M. Egan, OSB #002467
Attorney for Plaintiff

Page 15 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 15 of 15