**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **LUCAS PERKINS**, <br><br> Plaintiff, <br><br> vs. <br><br> **DAVE SINGH**, an individual, and **DANWEI LLC**, an Oregon limited liability company, <br><br> Defendants. | Case No. 3:19-cv-01157-AC <br><br> **Joint motion for preliminary class and collective settlement approval** <br><br> (oral argument requested) |

Counsel for the parties have conferred regarding the subject of this motion and have agreed to jointly submit this motion. Defendants are referred to collectively herein as "DANWEI".

**MOTION**

The parties to this action jointly move for an Order:

1. Certifying for settlement purposes the Rule 23(b)(3) class of "all current and former DANWEI employees who received a paycheck for work performed in

Oregon on or after April 2, 2013 who do not file a timely request to opt-out of the Class," including approving named plaintiff Lucas Perkins as the class representative;

2. Preliminarily certifying an FLSA collective of "all current and former DANWEI tipped employees who received a paycheck for work performed in Oregon on or after April 2, 2016 and on or before March 24, 2018 who file a timely opt-in to the Collective";

3. Approving Jon M. Egan, PC as class/collective counsel;

4. Preliminarily approving the settlement agreement (attached hereto) as fair, reasonable, and adequate;

5. Approving the notice attached as Exhibit C to the settlement agreement as the form of notice to be mailed to each class member;

6. Authorizing a 60-day period for putative class/collective members to opt out, object, or file opt-ins;

7. Setting a date for objections to be filed; and

8. Setting a date for hearing objections, if any, to the proposed settlement, as well as the proposed attorney fee and expenses award and proposed service payment to the class representative.

This motion is supported by the Declaration of Jon M. Egan submitted herewith.

## A. Rule 23 Class Certification

The parties jointly move to certify the Rule 23 settlement class, *i.e.*, "all current and former DANWEI employees who received a paycheck for work performed in Oregon on or after April 2, 2013 who do not file a timely request to opt-out of the Class." Rule 23(a) restricts class actions to cases where:

>(1) the class is so numerous that joinder of all members is impracticable;
>(2) there are questions of law or fact common to the class; (3) the claims or
>defenses of the representative parties are typical of the claims or defenses
>of the class; and (4) the representative parties will fairly and adequately
>protect the interests of the class.

Fed.R.Civ.P. 23(a). These requirements are more commonly referred to as numerosity,

commonality, typicality, and adequacy of representation, respectively. *Hanlon v.*

*Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998).

In the District of Oregon, as in many other districts, there is a "rough rule of thumb"

that 40 class members is sufficient to meet the numerosity requirement. *Giles v. St.*

*Charles Health Sys., Inc.,* 294 F.R.D. 585, 590 (D. Or. 2013); *see also Wilcox Dev. Co. v.*

*First Interstate Bank of Or.,* N.A., 97 F.R.D. 440, 443 (D. Or. 1983) (same); 1

McLaughlin on Class Actions § 4:5 (15th ed.) ("The rule of thumb adopted by most

courts is that proposed classes in excess of 40 generally satisfy the numerosity

requirement."). This class is adequately numerous: 43 employees have been identified

who, like the named plaintiff, had overdeductions from their wages within the statute of

limitations period.

Rule 23(a) also requires that "questions of law or fact [be] common to the class."

Fed.R.Civ.P. 23(a)(2). Because "[t]he Ninth Circuit construes commonality liberally," "it

is not necessary that *all* questions of law and fact be common." *West v. Circle K Stores,*

*Inc.,* CIV-S-04-0438-WBS-GGH, 2006 WL 1652598, *3 (E.D. Cal. June 13, 2006). "The

existence of shared legal issues with divergent factual predicates is sufficient, as is a

common core of salient facts coupled with disparate legal remedies within the class."

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). This case includes

common issues such as:

1. What defendants' tax deduction policies and procedures were;

**Joint motion for preliminary class/collective settlement approval**     Page 3

2. What defendants' tip pooling policies and procedures were;

3. Whether the Class/Collective Members' wrongful deduction claims are viable given the parties' competing interpretations of certain statutes and regulations;

4. Whether and to what extent the Class/Collective members' tip-theft claims are viable, whether alone or in conjunction, and the interpretation of the applicable statutes, regulations, and common law;

5. How the various statutes of limitations at issue in this case interact, particularly given the presence of federal FLSA claims;

6. The nature and extent of individual defendant Dave Singh's liability for the alleged claims;

7. Whether defendants' actions were willful; and

8. Whether defendants have other defenses to the application of wage and hour laws.

Rule 23(a) further requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). Typicality requires that named plaintiffs have claims "reasonably coextensive with those of absent class members," but their claims do not have to be "substantially identical." *Hanlon*, 150 F.3d at 1020. The test for typicality " 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' " *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citation omitted). Here, the named plaintiff has exactly the same type of alleged violations as the 42 other class members.

Finally, Rule 23(a) requires "representative parties [who] will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). To resolve the question of legal adequacy, the court must answer two questions: (1) do the named plaintiff and his counsel have any conflicts of interest with other class members and (2) has the named plaintiff and his counsel vigorously prosecuted the action on behalf of the class? *Hanlon*, 150 F.3d at 1020. This adequacy inquiry considers a number of factors, including "the

**Joint motion for preliminary class/collective settlement approval**     Page 4

qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Brown v. Ticor Title Ins.*, 982 F.2d 386, 390 (9th Cir.1992). Here, there are no conflicts between plaintiff or his counsel and the class; plaintiff has faithfully represented the putative class members for nearly two years; and his counsel is experienced in both wage-and-hour law and class and collective actions. See the Declaration of Jon M. Egan submitted herewith.

Because Rule 23(a)(3) already considers commonality, the focus of the Rule 23(b)(3) predominance inquiry is on the balance between individual and common issues. *Hanlon*, 150 F.3d at 1022; *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231 (1997) ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation"). Here, a common nucleus of facts and potential legal remedies clearly dominates this litigation. To the extent that any further individual issues may exist, they primarily involve damages. There is no indication that such issues would be anything more than "local variants of a generally homogenous collection of causes" that derive from the named plaintiff's allegations. *Hanlon*, 150 F.3d at 1022. Such idiosyncratic differences, therefore, "are not sufficiently substantive to predominate over the shared claims." *Id.* at 1022−23.

In addition to the predominance requirement, Rule 23(b)(3) provides a non-exhaustive list of matters pertinent to the court's determination that the class action device is superior to other methods of adjudication. Fed.R.Civ.P. 23(b)(3)(A)-(D). These matters include:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy
already commenced by or against members of the class;
(C) the desirability or undesirability of concentrating the litigation of the
claims in the particular forum; and
(D) the difficulties likely to be encountered in the management of a class
action.

*Id.* Some of these factors, namely (D) and perhaps (C), are irrelevant if the parties have

agreed to a pre-certification settlement. *Amchem*, 521 U.S. at 620, 117 S.Ct. 2231. The

parties are unaware of any concurrent litigation regarding the issues of the instant case.

In the absence of competing lawsuits, it is also unlikely that other individuals have an

interest in controlling the prosecution of this action or other actions.

## B. Preliminary FLSA Collective Certification

The parties jointly move to approve the FLSA settlement collective, *i.e.*, "all current

and former DANWEI tipped employees who received a paycheck for work performed in

Oregon on or after April 2, 2016 and on or before March 24, 2018 who file a timely opt-

in to the Collective."

The FLSA requires employers to pay the federal minimum wage for all hours

worked; for tipped workers prior to March 24, 2018, tips that the worker was required

to contribute to an invalid tip pool violate the FLSA if they exceed the amount by which

the worker's wages exceed the federal minimum wage. *See* former 29 U.S.C. § 203(m).

After that date, the FLSA was amended to allow mandatory tip sharing with all

employees (but still not with employers, managers, supervisors); this is why the FLSA

collective ends on that date. The FLSA provides that an aggrieved employee may bring a

collective action on behalf of himself and other employees "similarly situated" based on

an employer's failure to adequately pay overtime wages. 29 U.S.C. 216(b). The FLSA

limits participation in a collective action to only those parties that "opt-in" to the suit.

*See Id.* ("No employee shall be a party plaintiff to any such action unless he gives his

consent in writing to become such a party and such consent is filed in the court in which such action is brought"); *see also Wright v. Linkus Enterprises*, 259 F.R.D. 468, 475 (E.D.Cal.2009). To maintain a collective action under the FLSA, a plaintiff must demonstrate that the putative collective action members are similarly situated. *Id.; Adams v. Inter–Con Sec. Sys.*, 242 F.R.D. 530, 535–36 (N.D.Cal.2007); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D.Cal.2004).

Plaintiff has made "substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Leuthold*, 224 F.R.D. at 468. Specifically, plaintiff alleges that defendants uniformly required tipped employees to contribute tips to a tip pool that was distributed to the back of the house. Plaintiff's collective action under the FLSA is therefore appropriate for conditional certification.

## C. The Proposed Settlement

The parties have agreed to a gross settlement figure of $75,000, consisting of $3,750 for the unlawful deduction claims and $71,250 for the tip theft claims. Those figures respectively represents 3% of the potential unlawful deduction damages available to the class, and 82% of the potential tip theft damages available to the collective, according to the facts alleged and plaintiff's counsel's calculations. The substantial discounting of the unlawful deduction damages results from the likelihood of success of that claim, given Judge Beckerman's recent decision holding such claims to be precluded. *See*, *Wright v. Atech Logistics, Inc*, No. 3:20-CV-00469-SB, 2020 WL 4373449, *4 (D. Or. July 9, 2020), *report and recommendation adopted sub nom. Wright v. Atech Logistics, Inc.*, No. 3:20-CV-00469-SB, 2020 WL 4369445 (D. Or. July 30, 2020).

The settlement provides for plaintiff's counsel to petition the Court for a common-fund award of attorney fees not to exceed one third of the gross settlement figure (*i.e.*,

$25,000). It also provides for the named plaintiff to petition the Court for a service payment not to exceed $2,500. *Id.* And $2,000 has been provided for plaintiff's counsel's accrued expenses and reasonably anticipated settlement administration expenses, which his office has undertaken as identified in the parties' settlement agreement.

Under the settlement, each class member who does not opt out is entitled to a Guaranteed Payment, and each collective member who opts in is entitled to an FLSA payment. The specific amounts allocable to each class and collective member will fluctuate depending on how many of them opt in and/or out of the respective portions of the case.

The net Guaranteed Funds (i.e., after reduction for any attorney fees, expenses, and incentive payment approved by the Court) will be distributed among the class members in proportion to their potential damages had plaintiff's claim been 100% successful. Under the settlement, each class member who does not opt out of the settlement will be mailed their full Guaranteed Payment regardless of whether or not they submit a claim.

Similarly, the net FLSA Funds (i.e., after reduction for any attorney fees, expenses, and incentive payment approved by the Court) will be distributed among the collective members in proportion to the amount of tips taken from each tipped collective member.

Finally, any residual funds will be redistributed to the class and collective members in proportion to their previous successful distributions. Thus, there is no reversion in this case. All net funds will be distributed to class and collective members, regardless of who does or does not opt in or out.

### D.  Settlement Approval

Rule 23(e) provides, in part, that "[t]he claims, issues, or defenses of a certified class

may be settled, voluntarily dismissed, or compromised only with the court's approval."
When a district court evaluates a class action settlement under Rule 23(e), the court
must determine whether the settlement is fundamentally fair, reasonable, and adequate.
*In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008). "The purpose of
Rule 23(e) is to protect the unnamed members of the class from unjust or unfair
settlements affecting their rights." *Id.*; *see also* 2 MCLAUGHLIN ON CLASS ACTIONS §
6:4 (12th ed. 2015) ("In the context of reviewing a proposed class action settlement, the
district court has a special duty to act as guardian for the interests of absent class
members because they are not present but will be bound by the disposition of the
case.").

    The Ninth Circuit has a "strong judicial policy that favors settlements, particularly
where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*,
955 F.2d 1268, 1276 (9th Cir. 1992). "But where, as here, class counsel negotiates a
settlement agreement before the class is even certified, courts 'must be particularly
vigilant not only for explicit collusion, but also for more subtle signs that class counsel
have allowed pursuit of their own self-interests and that of certain class members to
infect the negotiations.' " *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)
(quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)).
"In such a case, settlement approval 'requires a higher standard of fairness' and 'a more
probing inquiry than may normally be required under Rule 23(e).' " *Id.* (quoting *Hanlon
v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

    This action was filed on April 2, 2019. It involves allegations that defendants
deducted tax assessments from employee wages in excess of those required by law, and
that it required tipped employees to contribute to an invalid tip pool. The parties have

exchanged information and documents with an eye on resolving the case voluntarily rather than engage in further motion practice, formal discovery, and trial preparation.

The parties had a full-day judicial settlement conference with Judge Stacie Beckerman on January 26, 2021, at which the parties were able to reach the agreement currently before the Court.

Under Rule 23(e) of the Federal Rules of Civil Procedure, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Thus, to approve a class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(3); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

When the parties negotiate the settlement agreement before formal class certification, as in this case, the court should engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e)." *Id.* (quotation marks and citation omitted). This more "exacting review" is warranted "to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Lane*, 696 F.3d at 819.

The Ninth Circuit has recognized, however, that "[j]udicial review also takes place in the shadow of the reality that rejection of a settlement creates not only delay but also a state of uncertainty on all sides, with whatever gains were potentially achieved for the putative class put at risk." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, there is a "strong judicial policy that favors settlements, particularly where complex

class action litigation is concerned." *In re Hyundai & Kia Fuel Econ. Litig*., 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)).

In evaluating the acceptability of a class settlement, courts evaluate all relevant factors, according to the needs of the particular case. These include, but are explicitly not limited to, (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Products Liab. Litig*., 654 F.3d 935, 946 (9th Cir.2011), citing *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir.2004) and *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir.1993).

In addition, for class settlements reached before formal class certification, the Court must also review the proposed settlement for signs of collusion. *In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d 935, 947 (9th Cir. 2011). These could include:

(1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded;

(2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class; and

(3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund.

None of those signs are present here.

The parties have evaluated and discussed several potential issues with the claims and defenses at issue in this case, how they might play out at trial, and possible methods to account for various strengths and weaknesses in the settlement value of the case. The factors considered in negotiating the settlement amount included the potential non-viability of the wrongful deduction claims; potential legal questions regarding the availability or non-availability of multiple penalties; the relatively small amounts of the actual underlying deduction violations; potential difficulty in establishing willfulness (a requirement for penalty wages); and, perhaps most importantly, the additional time and expense that would be required to take this case through trial. After that analysis, the parties all believe that this is a fair and adequate settlement for both the class and collective members.

For the reasons set forth above, the parties jointly move for an Order pursuant to Fed.R.Civ.P. 23(e):

1. Certifying for settlement purposes the Rule 23(b)(3) class of "all current and former DANWEI employees who received a paycheck for work performed in Oregon on or after April 2, 2013 who do not file a timely request to opt-out of the Class," including approving named plaintiff Lucas Perkins as the class representative;

2. Preliminarily certifying an FLSA collective of "all current and former DANWEI tipped employees who received a paycheck for work performed in Oregon on or after April 2, 2016 and on or before March 24, 2018 who file a timely opt-in to the Collective";

**Joint motion for preliminary class/collective settlement approval**     Page 12

3.  Approving Jon M. Egan, PC as class/collective counsel;

4.  Preliminarily approving the settlement agreement (attached hereto) as fair, reasonable, and adequate;

5.  Approving the notice attached as Exhibit C to the settlement agreement as the form of notice to be mailed to each class member;

6.  Authorizing a 60-day period for putative class/collective members to opt out, object, or file opt-ins;

7.  Setting a date for objections to be filed; and

8.  Setting a date for hearing objections, if any, to the proposed settlement, as well as the proposed attorney fee and expenses award and proposed service payment to the class representative.


Respectfully Submitted by:

JON M. EGAN, PC

*s/ Jon M. Egan*

DATED:  March 16, 2021

By_____
Jon M. Egan, OSB No. 002467
jegan@eganlegalteam.com
Attorney for Plaintiff


STOEL RIVES LLP

*s/ Karen L. O'Connor*
DATED:  March 16, 2021     *by Jon M. Egan via email permission*

By_____
Karen L. O'Connor, OSB No. 953710
karen.oconnor@stoel.com
Attorneys for Defendants

SETTLEMENT AND RELEASE AGREEMENT

between

LUCAS PERKINS

and

DAVE SINGH and DANWEI LLC

Dated February 24, 2021

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement, dated February 24, 2021 (this "<u>Settlement Agreement</u>" or "<u>Settlement</u>"), is entered into by and between Dave Singh and Danwei LLC (collectively "<u>DANWEI</u>"), on the one hand, and Lucas Perkins (the "<u>Class Representative</u>"), on behalf of himself and on behalf of similarly situated putative class members (together with the Class Representative, the "<u>Class Members</u>") and putative collective members (together with the Class Representative, the "<u>Collective Members</u>"), on the other hand. DANWEI and the Class and Collective Members are collectively referred to herein as the "<u>Parties</u>," or, as to each, a "<u>Party</u>."

## RECITALS

**WHEREAS**, on April 2, 2019, the Class Representative filed with the Circuit Court of the State of Oregon for the County of Multnomah (the "<u>Multnomah County Court</u>") a class-action complaint commencing an action against DANWEI, captioned *Lucas Perkins v. Dave Singh and Danwei LLC,* Case No. 19CV14620, asserting that DANWEI violated Oregon and federal wage and hour laws by allegedly (a) illegally overdeducting amounts for various taxes, and (b) illegally diverting portions of tipped employees' tips;

**WHEREAS**, on July 26, 2019, the Multnomah County Court action was removed to the United States District Court for the District of Oregon ("<u>Oregon District Court</u>") and assigned case number 3:19-cv-01157-AC (the "<u>Action</u>");

**WHEREAS**, on July 31, 2019, DANWEI filed an Answer, asserting defenses of failure to state a claim, statute of limitations, and all wages paid;

**WHEREAS**, both significant formal and informal discovery was conducted by the Parties in connection with the claims;

**WHEREAS,** the parties had a day-long judicial settlement conference on January 26, 2021 with the Honorable Stacie M. Beckerman;

**WHEREAS**, there exist significant, complex legal and factual issues regarding the application of wage and hour laws, the various cases and regulations interpreting such laws, and regarding the viability of the Action against DANWEI, both individually and as a putative class and collective, including:

- what defendants' tax deduction policies and procedures were;

- what defendants' tip pooling policies and procedures were;

- whether the Class/Collective Members' wrongful deduction claims are viable given the parties' competing interpretations of certain statutes and regulations;

- whether and to what extent the Class/Collective members' tip-theft claims are viable, whether alone or in conjunction, and the interpretation of the applicable statutes, regulations, and common law;

- how the various statutes of limitations at issue in this case interact, particularly given the presence of federal FLSA claims;

- the nature and extent of individual defendant Dave Singh's liability for the alleged claims;

- whether defendants' actions were willful;

- whether defendants have other defenses to the application of wage and hour laws;

- whether the Class/Collective Members have claims in common;

- whether the Class Representative has claims that are typical of those of the putative Class/Collective Members;

- whether common questions of fact and law predominate over individualized inquiries;

- whether the Class Representative or any of the putative Class/Collective Members have interests that are antagonistic to one another;

- whether any class or collective action would ultimately be certified for trial;

- the computation of the amount of alleged damages; and

- whether attorney fees are to be awarded to the Class Representative and the putative Class/Collective Members if they prevail;

**WHEREAS**, the Class Representative has the burden of proof on some of these issues and DANWEI has the burden on others, and the trial of this matter would likely be lengthy and complex, adding to the cost and potential delay;

**WHEREAS**, all Parties recognize that the outcome of the litigation with respect to all of the aforementioned issues is uncertain;

**WHEREAS**, to avoid extensive, costly, and uncertain litigation over these issues, after the Parties' judicial settlement conference, the Parties desire to enter into a final settlement and release of all settleable demands, claims, damages, and causes of action between one another arising from or relating to the Litigation, whether known or unknown; and

**WHEREAS**, the Parties have agreed to settle any and all claims between one another relating to or arising out of the Litigation in accordance with the terms of this Settlement;

**NOW, THEREFORE**, as material consideration and inducement to the execution of this Settlement Agreement, and in consideration of the mutual promises, agreements, and cooperation set forth herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged and intended to be binding, the Parties hereby agree as follows:

## 1. <u>Hearings.</u>

The Parties shall file a joint motion for approval of the Settlement through a bifurcated hearing process (the "Motion"). The Motion shall request an initial hearing (the "Initial Hearing") at which time the Parties shall seek entry of an order from the Court preliminarily certifying a Rule 23 class and an FLSA collective action, preliminarily approving the Settlement, approving the form and manner of notice to the Class/Collective Members of the Settlement, including, among other things, their right to object to the Settlement in person or appear by counsel, and approving the form of notice to the Collective Members and opt-in form. The Parties shall also request that the Court designate dates thereafter as deadlines for opting into the FLSA collective, opting out of the Rule 23 class, or objecting to the Settlement or to the award of attorney fees or costs and expenses or the service payment, as well as a date for a fairness hearing (the "Fairness Hearing"). At the Fairness Hearing, the Court will consider the final approval of the Settlement, including the award of Class Counsel's Fees and costs and expenses and the Service Payment (each as defined below).

**2.  Class and Collective Certification; Class Counsel; Class Representative.**

Upon execution of this Settlement Agreement, the Parties stipulate and agree to define and certify, in connection with the Litigation and the Motion, a Rule 23 class (the "Class"), comprised of all current and former DANWEI employees who received a paycheck for work performed in Oregon on or after April 2, 2013 who do not file a timely request to opt-out of the Class, as well as an FLSA collective (the "Collective"), comprised of all current and former DANWEI tipped employees who received a paycheck for work performed in Oregon on or after April 2, 2016 and on or before March 24, 2018 who file a timely opt-in to the Collective; provided, however, that such class and collective shall be certified for settlement purposes only and without any admission on the part of DANWEI that class or collective certification is proper. In the event that this Settlement is not finally approved by the Court, the certification status of the class and collective returns to the *status quo ante* to the extent permitted by the Court, and no additional class or collective action will be certified until the Class Representative moves for certification and the Court certifies a class and/or collective action.

**3.  The Settlement Fund.**

A.  Definition

The Claims shall be settled hereby and as provided herein. The Parties agree that DANWEI's liability will not exceed Seventy-Five Thousand Dollars ($75,000.00) (the "Settlement Fund"). This includes two categories of funds payable to the putative Class/Collective Members—$3,750 in Guaranteed Funds and $71,250 in FLSA Funds. The Settlement Fund represents the maximum amount that DANWEI will pay pursuant to this Settlement, inclusive of the allocation of the Settlement Fund to Class/Collective Members, Court-awarded Class Counsel's Fees, Court-awarded Service Payment, and costs and settlement expenses. DANWEI shall not be called upon or required to contribute additional monies above the Settlement Fund under any circumstance whatsoever.

    i.  The Guaranteed Funds consist of $3,750 in guaranteed class recovery, representing damages under plaintiff's alleged wrongful deduction claim.

    ii.  The FLSA Funds consist of $71,250 in guaranteed collective recovery, representing damages under plaintiff's alleged tip-theft claim, available to collective members who file an opt-in form;

    iii.  The Settlement Fund also allows for up to $25,000 in attorney fees, as discussed below in Section 5.

    iv.  The Settlement Fund also allows for up to $2,500 in a Service Payment to the Class Representative, as discussed below in Section 8.

    v.  The Settlement Fund also allows for up to $2,000 in accrued costs and reasonably anticipated settlement administration expenses.

B.  Payments

    i.  Within thirty (30) days of the Court's final approval of this settlement, DANWEI shall deliver $75,000 to Class Counsel for deposit into a segregated, non-interest-bearing trust account, to be opened and maintained by Class Counsel.

C.  Disbursement

Within forty-five (45) days of the Effective Date, as defined herein, the Guaranteed Funds, the FLSA

Funds, any Class Counsel's Fees awarded by the Court, the remainder of any reasonably anticipated settlement expenses, and any Service Payment awarded by the Court will be disbursed pursuant to the terms herein.

## 4. Responsibilities of Class Counsel.

In addition to calculating the individualized amounts of the Settlement Fund to be distributed to Class/Collective Members in accordance with the terms of this Agreement, Class Counsel will produce and mail all notices to be required for the Class/Collective Members (the "Class Notices"), receive and process the Class/Collective Members' opt-outs, objections, and opt-ins, and prepare and distribute the settlement checks and IRS Form 1099-MISC ("1099 Forms"). The address of Class Counsel will be used as the return address for the Class Notices. Class Counsel will submit a declaration in support of Final Approval of this Settlement identifying the efforts in administering this settlement, including attaching copies of all of the opt-ins received. As stated above, DANWEI will transfer $2,000 to Class Counsel from the Settlement Fund within fifteen (15) days of preliminary approval of the Settlement, for the efforts described herein.

## 5. Class Counsel's Fees and Expenses.

Class Counsel may move the Court for an attorney fee award of no more than $25,000.00, representing thirty-three percent of the Settlement Fund ("Class Counsel's Fees"). DANWEI agrees not to oppose Class Counsel's request for this amount of Class Counsel's Fees. This one third (1/3) figure is used for ease of calculation purposes and does not represent a contingent-fee recovery; instead, the one third (1/3) figure is awarded in lieu of the lodestar and/or other statutory fee-shifting attorney fees to which Class Counsel asserts he would otherwise be entitled under a successful resolution of the underlying claims against DANWEI via litigation. Any Class Counsel's Fees awarded will be distributed contemporaneously with the distribution of the Settlement Fund payments. In the event that the Court orders a Class Counsel's Fees award of less than the requested amount, that occurrence shall have no bearing on the validity or enforceability of this Settlement Agreement.

Class Counsel may move the Court for an award of $2,000 representing accrued costs to date and reasonably anticipated settlement expenses for accomplishing the duties laid out in this agreement.

## 6. The Allocation of the Settlement Fund and Disbursement of the Settlement Fund Payments to Class/Collective Members.

### A. Allocation of the Net Settlement Fund.

The net Settlement Fund payment shall be the remainder of the Settlement Fund after being first reduced by the award of Class Counsel's Fees and costs/expenses and the awarded Service Payment. They shall be allocated to the individual Class/Collective Members as calculated by Class Counsel in accordance with the terms of this Agreement. The method used to calculate the Settlement Fund payment due to each Class/Collective Member is described in detail in Exhibit B.

### B. Returned Notices

In the event that any settlement notice is returned as undeliverable, Class Counsel shall promptly re-mail the returned item to the corrected address of the intended recipient, if any, as determined by postal forwarding address or through a search of a national database. If a corrected address cannot be obtained for the intended recipient, or in the case of two returns attributable to any Class/Collective Member, the disbursement of the Funds due to that Class/Collective Member will be deemed Residual Funds and treated in accordance with Section 6D below.

C. Returned Settlement Checks

In the event that any settlement fund disbursement is returned as undeliverable, Class Counsel shall promptly re-mail the returned item to the corrected address of the intended recipient, if any, as determined by postal forwarding address or through a search of a national database, if there has not already been a returned mailing for that Class/Collective member. If a corrected address cannot be obtained for the intended recipient, or in the case of two returns attributable to any Class/Collective Member, the disbursement due to that Class/Collective Member will be deemed to be Residual Funds and treated in accordance with Section 6D below.

D. Residual Funds.

In the event that there are any Settlement Funds remaining for any reason, including returned notices/settlement checks and settlement checks which are not deposited or negotiated within sixty days of their date of issuance (the "Residual Funds"), such Residual Funds will be redistributed to the Class/Collective members to whom successful disbursements have been made, pro rata by category (i.e., residual Guaranteed Funds will be disbursed pro rata to the Class members to whom Guaranteed Funds were previously successfully distributed, and residual FLSA Funds will be disbursed pro rata to the Collective members to whom FLSA Funds were previously successfully distributed). No portion of the Residual Funds shall revert to DANWEI for any reason or be disbursed to Class Counsel.

## 7. **Notification of Possible Tax Consequences to Class/Collective Members.**

The ultimate amounts of the net Settlement Fund payments allocated to each Class/Collective Member are aggregate figures resulting from and reflecting the Parties' good-faith negotiations regarding a number of unliquidated (and in some cases unknowable) categories of potential damages. However, due to the nature of the violations at issue, less than one one-hundredth of one percent of the funds due to each Class/Collective Member would be due to any actual unpaid back wages. Instead, the vast majority of the payments includes provision for prejudgment interest, non-economic damages, liquidated damages, penalty wages, and any and all other categories of potential recovery resulting from the Litigation. As such, and due to the inability to fix the relative amounts of such damage categories without further litigation, Class Counsel will issue IRS Form 1099s to Class/Collective Members, with the net amount of their Settlement Fund payments designated as "Other Income" in Box 3 of such forms, with Danwei LLC identified as the payor. No tax withholdings from such funds will be made by either DANWEI or Class Counsel. Class Counsel will also provide each Class/Collective Member with a notice advising each Class/Collective Member to seek his or her own personal tax advice regarding the potential tax consequences of the net Settlement Fund payment. This notice will be included with each net Settlement Fund payment to the Class/Collective Members. No Party makes any representation to any other Party as to the possible tax treatment of any payment hereunder.

In the event that it is subsequently determined by the United States Internal Revenue Service or any other appropriate taxing authority (each a "Taxing Authority") that any Party owes any additional taxes with respect to any money distributed under this Settlement, it is agreed that the determination of any tax liability shall be between such Party and the Taxing Authority, and that no other Party shall be responsible for the payment of such taxes, including any interest and penalties.

## 8. **Service Payment to Class Representative.**

As described in Exhibit B, the Class Representative shall petition the Court for an additional $2,500 for his service in this matter, the time and effort he has contributed to the case, his

participation in discovery and mediation, the financial risks he undertook by asserting statutory claims on behalf of the Class/Collective Members, and his complete and total waiver of all claims against DANWEI. DANWEI agrees not to oppose this request. In the event that the Court ultimately awards a lesser amount, this Settlement Agreement shall remain valid and enforceable.

## 9.  Released Claims of Class and Collective Members.

For the purposes of this Settlement, the term released claims ("Released Claims") shall include the Released Rule 23 Claims and the Released FLSA Claims. The Released Rule 23 Claims include any and all claims, counterclaims, and/or causes of action of any kind or nature that have been alleged, or that have a similar factual predicate to the wrongful deduction claims alleged, by the Class Representative against the Released Parties (as defined below) in the Litigation, whether presently known or unknown, fixed or not, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, matured or unmatured, disputed or undisputed, legal or equitable, including, but not limited to, any claims and/or causes of action under, pursuant to, or derived from (i) any statute regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation; (ii) any contract; (iii) common law, including, but not limited to, claims for unjust enrichment and quantum meruit; and (iv) The Employee Retirement Income Security Act of 1974 ("ERISA"), including, but not limited to, claims for benefits under any benefit plans subject to ERISA that arise from any act or omission that has been alleged or based upon a similar factual predicate to the claims alleged in the Litigation, and explicitly excluding any claims under the federal Fair Labor Standards Act; provided, however, that nothing contained herein shall be deemed to waive or release any claims which are allowed pursuant to this Settlement or any of the Parties' rights or obligations under this Settlement.

The Released FLSA claims include any and all claims, counterclaims, and/or causes of action under the federal Fair Labor Standards Act that have been alleged, or that have a similar factual predicate to the FLSA claims alleged by the Class Representative against the Released Parties (as defined below) in the Litigation, whether presently known or unknown, fixed or not, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, matured or unmatured, disputed or undisputed, legal or equitable.

The Released Claims shall be released and forever fully discharged as to DANWEI, and all of their present and former parents, divisions, subsidiaries, affiliates, predecessors, successors, and assigns, and their present and former directors, officers, employees, principals, investors, agents, insurers, shareholders, owners, advisors, consultants, representatives, partners, joint ventures, independent contractors, and vendors (collectively, the "Released Parties"). On the day of final approval of this settlement, the Released Rule 23 Claims shall be deemed released as to all Class Members who did not timely opt out. On the day of final approval of this settlement, the Released FLSA Claims shall be deemed released as to all Collective Members who timely submitted an opt-in form.

## 10.    Reservation of Rights.

DANWEI expressly reserves the right to object to, offset, or oppose any and all claims, obligations, or causes of action, of any type, except those expressly allowed under this Settlement.

## 11. The Class/Collective Notice.

As noted above, Class Counsel shall prepare and distribute the Settlement Notices, with the cost of such distribution to be paid from the initial $2,000 payment to Class Counsel by DANWEI. Within fifteen (15) days of preliminary approval of this settlement, DANWEI shall deliver to Class Counsel the name, employee number, date of birth, social security number, last known mailing address, email

address, and telephone number for each Class/Collective Member. Class Counsel's address will be used as the return address for the Settlement Notices so that any returned Settlement Notices will be returned to Class Counsel. Class Counsel shall mail the Settlement Notices by email and first-class mail to the Class/Collective Members at the addresses provided by DANWEI, on or before the date ordered by the Court, following the entry of an order by the Court preliminarily approving this Settlement. The Settlement Notice shall be in the form annexed hereto as Exhibit C or such substantially similar form as may be approved by the Court. In the event that a Settlement Notice is returned as undeliverable, Class Counsel shall re-mail the Settlement Notice to the corrected address of the intended Class/Collective Member recipient (if any) as determined by Class Counsel through postal forwarding or a search of a national database. In the event that any re-mailed Settlement Notice is returned as undeliverable, the portion of the Guaranteed Funds and the FLSA Funds otherwise allocable to that Class/Collective Member shall be deemed Residual Funds and treated in accordance with Section 6D above.

A. Contents of the Settlement Notice.

The Settlement Notice shall contain the following information:

- that the Settlement shall become effective only if it is finally approved by the Court;

- that, if so approved, the Settlement shall be effective as to all Collective Members who timely opt into the collective (for FLSA claims) and all Class Members who did not timely elect to opt out of the Class (for Rule 23 claims);

- the method of calculation of the Guaranteed Funds allocable to that Class member, and the method of calculation of the FLSA Funds allocable to that Collective member if a valid opt-in is made;

- the proposed Class Counsel's Fees, accrued costs and reasonably anticipated settlement administration expenses, and Class Representative's Service Payment;

- that such Class Member has the right to object to the Settlement either in person or through counsel and be heard at the Fairness Hearing;

- that such Class Member has the right to opt out of the Settlement without waiving his or her claims against DANWEI;

- that upon Final Approval, all Released Claims (other than those claims to be paid under the terms of this Settlement) shall be waived as to all Class Members for Released Rule 23 Claims and as to all opt-in Collective Members for Released FLSA Claims, and that no person, including the Class/Collective Member, shall be entitled to any further distribution thereon; and

- that in order to claim the Collective Member's FLSA Funds portion of the Settlement, the Class/Collective Member must opt-in by following the procedures laid out in Section 12 below.

**12. Opt-In Process.**

Each Class Member will be distributed his or her portion of the Guaranteed Funds, irrespective of whether that Class Member submits a claim for his or her respective portion of the FLSA Funds. To make a claim for the Collective Member's portion of the FLSA Funds, the Collective Member must submit an opt-in to Class Counsel via US mail, fax, or email by: (1) indicating their name, date of

birth, and last four digits of his or her social security number on a paper or electronic Opt-In Form; (2) and physically or electronically signing the Opt-In Form. Copies of the class/collective notice and proposed Opt-In Form are attached hereto as Exhibit C. The Collective Members will have 60 calendar days from the date of initial sending of the class notice to opt-in for the Collective Member's share of the FLSA Funds. Upon receipt of the Opt-In Forms, Class Counsel will confirm that the name, date of birth, and last four digits of the Class/Collective Member's social security number listed on the form match the information contained in DANWEI's payroll records. Each person submitting a fully executed Opt-In Form shall be deemed a Qualified Claimant. Within thirty days of the Effective Date, Class Counsel shall mail each Class/Collective Member a check including (a) his or her share of the Guaranteed Funds, and (b) for Collective Members who are also Qualified Claimants, his or her share of the FLSA Funds. Class/Collective Members who fail to become Qualified Claimants will not receive any portion of the FLSA Funds. The Class Representative is hereby deemed to have already submitted an opt-in form and shall be considered a Qualifying Claimant for all purposes under this Settlement Agreement.

### 13. Objection to Settlement Procedures.

At or before such time as may be fixed by the Court, a Class Member may object to this Settlement by delivering timely written notice of such objection (a "Notice of Objection") to Class Counsel and filing such Notice of Objection with the Court. The Notice of Objection shall clearly specify the basis for such objection, the relief sought, and the grounds for such relief. Any Class Member who chooses to object to the Settlement Agreement may not opt out of the Settlement.

### 14. Opt Out Procedures

At or before such time as may be fixed by the Court, a Class Member may opt out of this Settlement by delivering timely written notice of such option to Class Counsel via mail, email, or fax. The notice of a Class Member's request to opt out of this Settlement must be dated, include the Class Member's full name, conventional or electronic signature, and state "I wish to opt out of the *Perkins v. Singh et al.* settlement." Any Class Member who opts out of this Settlement retains his or her rights to assert claims against DANWEI. Class Counsel shall provide a report on the number of any individuals who opt out of this Settlement to counsel for DANWEI within 7 days of such request.

### 15. Acceptance and Effectiveness of the Settlement.

A. Court Approval.

The effectiveness of this Settlement shall be subject to, and contingent upon, the entry of an order of the Court finally approving this Settlement (the date of such order being the "Final Approval Date"); provided, however, that in the event that the Court or a court with competent jurisdiction determines that the Class Counsel's Fee or cost/expense or Service Payment provisions are unreasonable, the Parties shall amend such provisions so as to render the same reasonable to such court without modifying the liquidated amount of the Claims set forth in Section 3A.

B. Effective Date.

The Effective Date of this Settlement is the Final Approval Date.

### 16. The Waiver and Release of any Released Claims by All Class/Collective Members if the Settlement Becomes Effective.

A. Class Representative

Upon the Final Approval Date, the Class Representative and his respective predecessors,

successors, and assigns (collectively, the "Class Representative Releasing Parties"), shall be deemed to have settled, released, and extinguished completely any and all claims that they have, had, might have, or might have had against the Released Parties, including all Released Claims and any and all other common-law, statutory, equitable, or other claims, whether or not such claims are or were based upon an identical factual predicate to the claims alleged in the Litigation.

B. <u>Class Members</u>

Upon the Final Approval Date, all other Class Members who did not timely opt out of this case, and their respective predecessors, successors, and assigns (the "Class Member Releasing Parties") shall be deemed to have settled, released, and extinguished completely any and all Released Rule 23 Claims that they have, had, might have, or might have had against the Released Parties.

C. <u>Collective Members</u>

Upon the Final Approval Date, all other Collective Members who timely opt into this case, and their respective predecessors, successors, and assigns (the "Collective Member Releasing Parties") shall be deemed to have settled, released, and extinguished completely any and all Released FLSA Claims that they have, had, might have, or might have had against the Released Parties. The submission of an opt-in by a Collective Member shall act as that Collective member's opting into the federal Fair Labor Standards Act portion of this lawsuit.

**17.    Termination of Settlement Agreement.**

If more than 25 Class Members request exclusion from the Settlement Class, then DANWEI may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement, effective upon the giving of such notification. In order to be effective, such notification must be provided to Class Counsel within fourteen (14) days of DANWEI's being informed in writing by Class Counsel that more than 25 Class Members have requested exclusion. In the event DANWEI elects to terminate this Settlement Agreement and the Settlement under this provision, the Parties and the Action will be returned to the *status quo ante* and this Settlement Agreement shall be null and void.

**18. No Litigation.**

Except as may be necessary to enforce the terms of this Settlement, each of the Class Representative Releasing Parties, the Class Member Releasing Parties, the Collective Member Releasing Parties, and DANWEI agrees that she/he/it shall not commence or proceed with any action, claim, suit, proceeding, or litigation against any other Party, directly or indirectly, regarding or relating to the matters described herein, or take any action inconsistent with the terms of the Settlement.

**19. No Admission of Liability or Non-Liability.**

This Settlement is intended to settle and dispose of the Released Claims. Nothing herein shall be construed as an admission by any Party of any facts or liability or non-liability of any kind.

**20.    Representations and Warranties.**

Each Party represents and warrants that upon Court approval of this Settlement it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

**21.** **Miscellaneous.**

A. Jurisdiction.

The United States District Court for the District of Oregon shall have exclusive jurisdiction over this Settlement and continuing jurisdiction over any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

B. Notices.

Except as otherwise specifically provided herein, any notice or other communication required or permitted to be delivered by any Party to any other Party under this Settlement shall be (i) in writing, (ii) delivered personally, by courier service, by certified or registered mail, first-class postage prepaid and return receipt requested, or by email if such email is not returned as undeliverable, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice delivered to the other Party):

If to DANWEI, to:

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Attention: Karen L. O'Connor, Esq.
Email: karen.oconnor@stoel.com

If to Class/Collective Members or Class Counsel, to:

Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Attention: Jon M. Egan, Esq.
Email: jegan@eganlegalteam.com

C. Amendments.

This Settlement may not be modified, altered, amended, or supplemented by the Parties except by a written instrument that the Parties have signed with any required approval of the Court.

D. Integration.

The provisions contained in this Settlement constitute the entire agreement between the Parties with regard to the subject matter hereof. This Settlement supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.

E. No Construction Against the Drafter.

The Parties agree that each of them has had the full opportunity to participate in the drafting of this Settlement and, accordingly, any claimed ambiguity shall neither be construed for nor against any of the Parties.

F. <u>No Third-Party Beneficiaries.</u>

This Settlement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any nonparty, other than Class/Collective Members in relation to the provisions of this Settlement.

G. <u>Headings.</u>

The headings of this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe, or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation. Where appropriate, the use of the singular shall include the plural, and vice versa, and any use of the masculine, feminine, and/or neuter genders shall include the others as well.

H. <u>Counterparts.</u>

This Settlement may be executed by the Parties in separate counterparts, each of which when so executed shall be deemed an original, and all of which, when taken together, shall constitute one and the same document. Delivery of an executed counterpart of a signature page of this Settlement by facsimile or electronic means (in PDF file or comparable format) shall be effective as delivery of an original executed copy of this Settlement.

I. <u>Binding Nature of Settlement.</u>

This Settlement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, transferees, assigns, heirs, and estates.

[signature pages follow]

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

STOEL RIVES LLP
on behalf of DANWEI

By: _Karen L. O'Connor_
    Karen L. O'Connor, Esq.
    Attorney for DANWEI

Dated: _February 25, 2021_

JON M. EGAN, PC
on behalf of the Class Representative and
Class/Collective Members

By: _Jon Egan_
    Jon M. Egan, Esq.
    Class Counsel

Dated: March 2, 2021

**EXHIBIT A**

**LIST OF CLASS/COLLECTIVE MEMBERS AND CONTACT INFORMATION**

**[TO BE PRODUCED BY DEFENDANTS PER TERMS OF AGREEMENT AND THEN REDACTED IN PUBLIC FILING]**

## EXHIBIT B

## Method Used to Calculate Settlement Fund Payments Due to Class/Collective Members

Class Counsel shall calculate the portion of the aggregate net Settlement Fund that will be distributed to each Class/Collective Member on an individualized basis in the following manner. The net Settlement Fund (after first being reduced on account of Class Counsel's Fees, accrued costs and reasonably anticipated settlement administrative expenses as provided in the Agreement, and the Service Payment) will be allocated to each Class/Collective Member according to the following formula:

(a) The same proportion of the net Guaranteed Funds as that Class member's proportion of the total deduction damages allocable to Class Members who do not opt out, plus

(b) If the Collective Member submits an opt-in, the amount of net FLSA Funds allocable to that Collective Member, to wit: the same proportion of the net FLSA Funds as that Collective member's proportion of the total FLSA tips taken from Collective Members who opt in.

If there are Residual Guaranteed Funds, they will be redistributed pro rata to the Class Members to whom successful Guaranteed Funds disbursements have been made.

If there are Residual FLSA Funds, they will be redistributed pro rata to the Collective Members to whom successful FLSA Funds disbursements have been made.

For his service in this matter, the time and effort he has contributed to the case, his participation in discovery and mediation, and the financial risks he undertook by asserting statutory claims on behalf of the Class/Collective Members, the Class Representative shall receive a Service Payment of $2,500 in addition to his share of the net Settlement Fund.

**EXHIBIT C**

**PROPOSED FORM OF CLASS/COLLECTIVE NOTICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

LUCAS PERKINS,

Plaintiff,

v.

DAVE SINGH and DANWEI LLC,

Defendants.

Case No. 3:19-cv-01157-AC

SETTLEMENT NOTICE

Opt Out Deadline: ____, 2021
Opt In Deadline: ____, 2021
Objection Deadline: ____, 2021
Hearing Date: ____, 2020 at ____ p.m. (PT)

NOTICE TO CLASS OF (I) PROPOSED SETTLEMENT OF CLASS/COLLECTIVE ACTION CONCERNING STATE AND FEDERAL WAGE-AND-HOUR CLAIMS; (II) AWARD OF ATTORNEY FEES AND EXPENSES TO CLASS COUNSEL AND SERVICE PAYMENT TO CLASS REPRESENTATIVE; (III) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND AWARD OF ATTORNEY FEES AND EXPENSES AND SERVICE PAYMENT, (IV) RIGHT TO OPT-OUT, OPT-IN, OR OBJECT TO THE SETTLEMENT AND CLASS COUNSEL'S REQUEST FOR ATTORNEY FEES AND EXPENSES AND SERVICE PAYMENT AND TO APPEAR AT COURT HEARING, AND (V) **REQUIREMENT TO OPT-IN IN ORDER TO RECEIVE ADDITIONAL SHARE OF SETTLEMENT PAYMENT**

TO: All current and former DANWEI employees who received a paycheck for work performed in Oregon on or after April 2, 2013 (the "Class" or "Class Members") and all current and former tipped DANWEI employees who received a paycheck for work performed in Oregon on or after April 2, 2016 and on or before March 24, 2018 (the "Collective" or "Collective Members"), together referred to as the "Class/Collective" or "Class/Collective Members".

**Introduction**

1.   There is currently pending in the United States District Court for the District of Oregon (the "Court") the above-captioned action brought under state and federal wage and hour laws (the "Action"). The plaintiff, Lucas Perkins (the "Class Representative") and Dave Singh and Danwei LLC (collectively "DANWEI" and together with the Class Representative, the "Parties"), have reached a proposed settlement to resolve the Class/Collective Litigation between them, memorialized in a Settlement and Release Agreement (the "Settlement"), under which the benefits described below will be provided to the members of the Class/Collective.

2.   This notice constitutes notice to the Class/Collective of (a) the proposed Settlement of the Action, (b) the request of Class Counsel (defined below) for the award of attorney fees of one-third (1/3) of the gross Settlement Fund, and a service payment to the Class Representative of $2,500, (c) the request of Class Counsel for the award of $2,000 in accrued costs and reasonably anticipated settlement administration expenses, (d) the date of the Court hearing for final approval of the proposed Settlement and award of Class Counsel's attorney fees and expenses and the service payment, (e) the right of each member of the Class/Collective to opt-out, object to or comment on the Settlement and Class Counsel's request for attorney fees and expenses and service payment and to appear at the hearing at which the Court will consider the final approval of the Settlement and Class Counsel's request for attorney fees and expenses and the service payment, and the required procedures for doing so, and (f) the requirement that Collective Members submit an opt-in in order to receive a share of the FLSA Funds. If you stay in the class and opt in to the collective, you will be legally bound by all class/collective orders and judgments, lose the ability to sue (or continue to sue) DANWEI, receive your share of the Guaranteed Funds, and receive your share of the FLSA Funds. **If you wish to receive a share of the FLSA Funds, you will have to submit an opt-in, as described below in How to Submit an Opt-In.** If you opt out of the class and do not opt into the collective, you will not receive any money or benefits awarded to the class/collective, but you will not be bound by the class/collective orders or judgments, and you will retain the ability to sue (or continue to sue) DANWEI. If you object to the settlement, the Court will consider your objections, but you will remain a Class/Collective Member and be bound by the class/collective orders or judgments.

**Description of the Class Litigation**

3.   On April 2, 2019, the Class Representative filed this Action, on behalf of himself and purportedly on behalf of the putative Class/Collective Members, asserting that DANWEI violated wage and hour laws by allegedly (a) overdeducting amounts from class members' wages for taxes, (b) disbursing portions of a mandatory tip pool to employees who were not entitled by law to receive a share (collectively, the "Claims").

4.   In general, Oregon and federal law prohibit certain deductions from employees' wages and require that mandatory tip pools include only certain employees.

5.   DANWEI denies Plaintiff's allegations in their entirety.

6.   The Complaint and other contentions of the Class Representative and DANWEI raise complex legal and factual issues regarding the application of wage and hour laws, the various cases and regulations interpreting such laws, and regarding the viability of the Action against DANWEI, both individually and as a class/collective claim. The Court has not yet ruled on the merits of the Class Representative's claims, nor has it finally ruled on whether the Action may proceed as a class or collective action.

7.   The trial of this matter would likely be lengthy and complex, adding to the cost and potential delay. All Parties recognize that the outcome of the litigation with respect to all the issues is uncertain. To avoid extensive, costly, and uncertain litigation over these issues, the Parties have agreed to the proposed Settlement presently being considered by the Court.

8.   DANWEI has identified you, to the best of its knowledge, information, and belief, as one of the individuals who are currently within the Class/Collective definition, *i.e.*, current and former DANWEI employees who received a paycheck for work performed in Oregon on or after April 2, 2013, and/or current and former tipped DANWEI employees who received a paycheck for work performed in Oregon on or after April 2, 2016 and on or before March 24, 2018.

## The Proposed Settlement

9.   The following description of the proposed Settlement is only a summary. In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control. You may secure a copy of the complete Settlement, the request for settlement approval, the motion for attorney fees and expenses and service payment and supporting documentation, and other relevant case documents from Class Counsel or online via the federal court's PACER system. The terms of the Settlement relevant to the Class/Collective Members may be summarized as follows:

## Summary of Settlement Terms

10.   The Class/Collective shall be granted a gross settlement amount of $75,000 (the "Settlement Fund"), made up of $3,750 in Guaranteed Funds for disbursement to the Class Members and $71,250 in FLSA Funds for disbursement to the Collective Members. Each Class/Collective Member will received his or her portion of the Guaranteed Funds, and his or her portion of the FLSA Funds, if applicable, as discussed below. The Class Representative shall request $2,500 for his service in this matter in his capacity as such (the "Service Payment"). Class Counsel will request attorney fees in the amount of one-third (1/3) of the gross Settlement Fund. Class Counsel will further request $2,000 in accrued costs and reasonably anticipated settlement administration expenses. The Settlement shall not become effective if the Court does not approve it.

11.   If any settlement fund disbursement is returned as undeliverable, or if disbursement checks remain unnegotiated after 60 days, any such allocation shall be deemed "Residual Funds." Residual Funds shall be redistributed to the class/collective members to whom such disbursements have been successfully made.

12.   The Guaranteed Funds are $3,750, and they will be split between the class members who do not opt out, in the same proportion as their total wrongful deduction damages. The FLSA funds are $71,250, and they will be split among the collective members who opt in, in the same proportion as the tips that were taken from them. Thus, the dollar figure of each person's recovery will depend on how many people opt in and how many people opt out. In order to claim your share of the FLSA Funds, you must submit an opt-in (see section below on **How to Submit an Opt-In**).

## Class Counsel's Recommendation

13.   Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class/Collective members.

## Class Counsel's Fees and Expenses

14.   Under the proposed Settlement and subject to final Court approval, Class Counsel has requested attorney fees of one third (1/3) of the gross Settlement Fund, and an award of $2,000 in accrued costs and reasonably anticipated settlement administration expenses. You may obtain a copy of the motion for attorney fees and expenses and service payment by contacting Class Counsel or online via the federal courts' PACER system. You may object to the request of Class Counsel for attorney fees and expenses by filing an objection within the time and in the manner specified below. If the Court approves an attorney fee award of lower than that requested, it will not affect the viability of the Settlement.

## Release of Claims and Effect of Approval of Settlement Agreement

15.   Upon resolution of the Action by the Court, the Settlement will result in Class Members who do not timely opt out releasing any and all non-FLSA claims, counterclaims and/or causes of action against DANWEI and the Released Parties (as defined in the Settlement Agreement) of any kind or nature in any way related to the facts or claims that were alleged or that had a similar factual predicate to the claims alleged in the Action. It will also result in a release by the opt-in FLSA Collective Members of all FLSA claims, counterclaims and/or causes of action against DANWEI and the Released Parties (as defined in the Settlement Agreement) of any kind or nature in any way related to the facts or claims that were alleged or that had a

similar factual predicate to the claims alleged in the Action. The Release of Claims is more fully explained in the Settlement Agreement.

### How to Submit an Opt-In

16. You will receive your share of the Guaranteed Funds, whether or not you submit an opt-in. To receive your share of the FLSA Funds in addition to your share of the Guaranteed Funds, you will need to submit an opt-in. You may do so by mailing, emailing, or faxing the enclosed Opt-In Form to Class Counsel.

### How to Opt-out or Object

17. If you believe that the proposed Settlement is unfair or inadequate or are dissatisfied with the distribution or feel that Class Counsel's request for attorney fees and expenses and/or the Service Payment should not be approved, you may object to the Settlement and/or Class Counsel's request for attorney fees and expenses and/or the Service Payment by mailing by first-class mail a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection, to (a) Class Counsel at the contact information below, and (b) the United States District Court for the District of Oregon, Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR 97204. **Objections must be mailed so as to be received no later than _____, 2021, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement and the award of attorney fees and expenses and the service payment, as described above.** If you object to the settlement, you may not opt out of the settlement and you will be bound by the Judge's rulings and orders.

19. You may also appear personally or by counsel at the final hearing described below.

20. If you choose not to be bound by this Settlement Agreement and do not wish to share in any of the benefits described herein, you may opt out of the Class by submitting a written, signed and dated statement of your wish to opt out (including the date, your name, and signature, as well as a statement stating "I wish to opt out of the *Perkins v. Dave Singh and Danwei LLC* settlement.") by first-class mail, email, or fax to Class Counsel. The written, signed, and dated opt-out statement must be received no later than _____, 2021 (the "Opt-Out Deadline"). All requests for exclusion received after the Opt-Out Deadline will not be effective, and such person will not be a member of the Class.

### Final Hearing to Approve Settlement and Award Attorney fees and Expenses and Service Payment

21. The hearing for final consideration and approval of the Settlement and the award of attorney fees and expenses to Class Counsel and service payment to the Class Representative is scheduled to take place on _____, 2021 at _____.m. in Courtroom _____ of the United States District Court for the District of Oregon, 1000 SW Third Ave., Portland, OR 97204. That hearing may be changed or cancelled without further notice. If you wish to determine if the hearing is changed or cancelled, you may contact Class Counsel at the address shown herein.

### Other Information

22. All requests for more information, including a copy of the Settlement Agreement, should be sent to Class Counsel.

23. While the Court has approved the sending of this notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the respective claims or defenses asserted by the parties in the Class Litigation.

24. Regardless of which class and/or collective you are a member of, your check will be sent to the address on file with DANWEI unless we obtain an updated address. You can contact Class Counsel with your current address, or any questions, at:

Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
info@eganlegalteam.com
FAX: 866-311-5629

**Please do not call the Court concerning this matter.**

**PERKINS V. DAVE SINGH AND DANWEI LLC OPT-IN FORM**

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT AND MAKING A CLAIM FOR ALL OF MY FLSA FUNDS.

NAME:_____

DATE OF BIRTH: _____

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER:_____

SIGNATURE:_____

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY _____, 2021.

PLEASE ALSO PROVIDE YOUR UPDATED MAILING ADDRESS SO THAT YOUR CHECK WILL REACH YOU IN TIME:

_____

_____

_____

_____

**CLASS COUNSEL CONTACT INFORMATION**

Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
info@eganlegalteam.com
FAX: 866-311-5629