UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LUCAS PERKINS, | Case No. 3:19-cv-01157-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DAVE SINGH, an individual, and DANWEI LLC, an Oregon limited liability company, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

On November 1, 2021, the court granted the Joint Motion (ECF No. 45) for Final Class and Collective Settlement Approval in this matter. *See* Class Action Settlement Order and Final Judgment, ECF No. 52. Remaining for the court's determination is Class Counsel's Motion for Award of Attorney Fees and Expenses, and Plaintiff's Motion for Approval of Service Payment filed September 13, 2021 ("Motion") (ECF No. 46) ("Mot.").).

PAGE 1 - OPINION AND ORDER

The court finds notice of the Motion was adequate and the amounts sought for attorney fees, expenses, and the service payment are reasonable. Accordingly, the Motion is granted in its entirety.[1]

*Background*

Plaintiff Lucas Perkins ("Plaintiff") filed this hybrid collective and class action lawsuit in state court, alleging violations of state and federal wage-and-hour statutes and other statutory and common law claims, and seeking recovery of unpaid wages, statutory damages, civil penalties, economic and non-economic statutory damages, attorney fees, costs, and disbursements. (Notice of Removal, ECF No. 1 ("Notice") Ex. 1.) Defendants Dave Singh and Danwei LLC (collectively "Defendants") removed the lawsuit to federal court on July 26, 2019, based on the existence of federal jurisdiction. (Notice.)

Plaintiff alleged Defendants wrongfully deducted all or part of the employer's share of Social Security and Medicare taxes from employee's wages and instituted an illegal tip pool policy. (Notice Ex. 1.) on January 26, 2021, the parties engaged in discovery and attended a settlement conference with Judge Beckerman of this district, after which the parties reported the case settled. The court preliminarily certified the collective and class members ("Members"), approved the settlement and settlement notice ("Notice"), directed the Notice be sent to the Members, and appointed lead counsel ("Counsel") in an Order dated May 26, 2021 ("Order"). (Order dated May 26, 2021, ECF No. 43.)

The Notice informed the Members of the gross settlement amount of $75,000 ("Fund"), Counsel's intent to seek attorney fees in the amount of one-third of the Fund and $2,000 in accrued

---

[1] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

PAGE 2 - OPINION AND ORDER

costs and reasonably anticipated settlement administration expenses, and Plaintiff's intent to request $2,500 as a service payment. (Mot. Ex. A at 2.) The Notice further provided: "You may obtain a copy of the motion for attorney fees and expenses and service payment by contacting Class Counsel or online via the federal courts' PACER system. You may object to the request of Class Counsel for attorney fees and expenses by filing an objection within the time and in the manner specified below." (Mot. Ex. A at 2.) Finally, the Notice advised objections must be made in writing, mailed by first class mail to Counsel or the court, and received no later than September 30, 2021, or by appearing at the October 12, 2021 final approval hearing ("Hearing"). (Mot. Ex. A at 3.)

*Legal Standard*

Requests for attorney fees must be made by a motion pursuant to Federal Rules of Civil Procedure 54(d)(2) and 23(h) and notice of the motion must be served on all parties and class members. FED. R. CIV. P. 23(h). When settlement is proposed along with a motion for class certification, notice to class members of the fee motion ordinarily accompanies the notice of the settlement proposal itself. Advisory Committee Notes to FED. R. CIV. P. 23(h). The deadline for class members to object to requested fees must be set after the motion for the fees and documents supporting the motion have been filed. *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993 (9th Cir. 2010).

When considering the amount of attorney fees for class counsel where settlement results in a common fund, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011). Under either method, the court must exercise its discretion to achieve a "reasonable" result. *Id.* Because reasonableness is the goal, "mechanical or formulaic application

PAGE 3 - OPINION AND ORDER

of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel v. Equitable Life Assurance Soc'y of the United States*, 307 F.3d 997, 1007 (9th Cir. 2002) (quotation marks omitted). When using the percentage method, twenty-five percent is the "benchmark" fee award, with the usual range falling between twenty to thirty percent. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (citing 3 NEWBURG ON CLASS ACTIONS, § 14.03). This amount, however, may be adjusted upward or downward when "special circumstances" warrant a departure. *In re Bluetooth*, 654 F.3d at 942.

If a court determines departure from the twenty-five percent benchmark fee award is appropriate, it must identify and place in the record the relevant special circumstances on which it relies. *Id.* In *Vizcaino*, the Ninth Circuit:

> identified several factors courts may consider when assessing requests for attorneys' fees calculated pursuant to the percentage-of-recovery method: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis.

*In re Optical Disk Drive Products Antitrust Litigation*, 959 F.3d 922, 930 (9th Cir. 2020) (citing *Vizcaino*, 290 F.3d at 1048-50). Additionally, the Ninth Circuit explained district courts may apply "the lode-star method as a cross-check of the percentage method" which includes additional factors such as the complexity of the case and the length of the litigation. *Vizcaino*, 290 F.3d at 1050-51. However, "*Vizcaino* did not establish an exhaustive list of factors for assessing fee requests calculated using the percentage-of-recovery method. . . . Ultimately, district courts must ensure their fee awards are supported by findings that take into account all of the circumstances of the case." *In re Optical Disk*, 959 F.3d at 930 (citing *Vizcaino*, 290 F.3d at 1048, 1050).

PAGE 4 - OPINION AND ORDER

*Discussion*

The court finds the percentage-of-recovery method is the appropriate avenue for determining an attorney fee award in this instance. The requested attorney fees request of $25,000 is equivalent to thirty-three percent of the Fund, an upward departure from the benchmark fee award. Consequently, the court not only must address the question of adequate notice but also must consider the *Vizcaino* factors to determine if the requested upward departure is justified.

I. Notice

In the Notice, Counsel advised the Members of its intent to seek attorney fees in the amount of one-third of the Fund and $2,000 in accrued costs and reasonably anticipated settlement administration expenses, and of Plaintiff's intent to request $2,500 as a service payment. Additionally, Counsel described the available methods of obtaining a copy of the Motion in the Notice. Counsel filed the Motion on September 13, 2021, more than two weeks before the written objection deadline and nearly a month before the Hearing.

The court finds Counsel provided the requisite notice of the Motion to the Members. Neither the court nor class counsel received objections to the requested attorney fees, expenses, or service payment.

II. *Vizcaino* Factors

A. The overall results and benefit to the class from the litigation is the most critical factor in granting a fee award. *In re Heritage Bond Litigation*, No. 02-ML-1475 DT, 2005 WL 1594403, at *19 (C. D. Cal. June 10, 2005). The Fund represents a total award of $75,000, which adequately covers the damages suffered by the Members. The recovery obtained in the settlement, in comparison to class-wide losses, supports the requested attorney fees.

B. The risk that litigation might result in Members not recovering at all is a significant factor in the award of fees. The issues raised in this lawsuit, and the skill required to address those issues, also support a finding the requested attorney fees percentage is reasonable.

C. The experience, reputation, and abilities of Counsel support the requested attorney fees. Counsel has extensive experience and expertise in class and collective actions and wage-and-hour litigation.

D. The contingent nature of Counsel's representation also supports the requested attorney fees award. Counsel assumed the entire risk of their attorney time and advanced expenses during this lawsuit.

E. The time and labor expended by Counsel in this lawsuit further supports the attorney fees request. Counsel invested 123.5 hours of attorney time and 43.9 hours of paralegal time in its pursuit of this action. When billed at their regular hourly rate, this is equivalent to $62,367.50 in attorney time and $8,999.50 in paralegal time, for a total of $71,367. The requested $25,000 attorney fee award represents merely a third of Counsel's billable time.

F. Counsel advanced expenses of $874.72. These expenses were reasonable in the context of this lawsuit. Counsel will likely occur an additional $1,125.28 in future administration costs and expenses.

G. The requested service award of $2,500 to Plaintiff is appropriate. Plaintiff assumed responsibilities on behalf of and for the benefit of the Members and is entitled to a service award for his services. The requested service award is not disproportionately large and adequately compensates the Plaintiff.

\ \ \ \ \

III. Conclusion

Considering all the circumstances, Counsel's request for attorney fees equal to thirty-three percent of the Fund ($25,000) is reasonable. This finding is justified under the *Vizcaino* factors and the trend in numerous courts to increase the "benchmark" to approximately thirty percent of a common fund. See *In re Activision Securities Litigation*, 723 F. Supp. 1373, 1377-78 (N. D. Cal 1989) (collecting cases). Moreover, the court finds Counsel's request for expenses in the amount of $2,000 and Plaintiff's request for a service payment of $2,500 are both reasonable as well.

*Conclusion*

The Motion (ECF No. 46) is GRANTED. Counsel is awarded $25,000 in attorney fees and $2,000 in accrued and reasonably anticipated settlement administration expenses, which shall be paid from the Fund. Additionally, Plaintiff is awarded a $2,500 service, which shall also be paid from the Fund.

DATED this 2nd day of November, 2021.

JOHN V. ACOSTA
United States Magistrate Judge